IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

v.                                              CRIMINAL NO. 5:21-cr-7-DCB-FKB

JAHADD MALACHI ALLEN

## AGREED PRELIMINARY ORDER OF FORFEITURE

Pursuant to a separate Plea Agreement and Plea Supplement between the defendant,

**JAHADD MALACHI ALLEN**, by and with the consent of his attorney, and the **UNITED**

**STATES OF AMERICA** (hereinafter "Government"), defendant agrees that the following

findings are correct, and further agrees with the adjudications made herein. Accordingly, the

Court finds as follows:

1. The Defendant is fully aware of the consequences of having agreed to forfeit to the
Government his interests in and to the hereinafter described property, having been
apprised of such by his attorney and by this Court; and he has freely and voluntarily, with
knowledge of the consequences, entered into a Plea Agreement [25] and Plea
Supplement with the Government to forfeit such property.

2. The Defendant agrees, (the "**Subject Property**"):

| ASSET ID | PROPERTY DESCRIPTION |
|---|---|
| 21-ATF-034679 | One (1) Taurus Handgun, Model G2C, CAL: .40 S&W, Serial No. SMC16049 |
| 21-ATF-034680 | Nine (9) Rounds Ammunition, CAL: 40 |

constitutes or was derived from proceeds that the defendant obtained, directly or

indirectly, as a result of the offense charged in the Indictment and/or was used, or

intended to be used, in any manner or part, to commit, or to facilitate the commission of

the offense charged in the Indictment [3]. Such property is, therefore, subject to

forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

3.    The Defendant has been apprised that Rule 32.2 of the Federal Rules of Criminal

Procedure, and 18 U.S.C. § 982 require the Court to order the forfeiture of the **Subject**

**Property** at, and as a part of, the sentencing proceeding.   The Defendant does hereby

waive such requirement and the requirement that the forfeiture be made a part of the

sentence as ordered by the Court in the document entitled "Judgment in a Criminal

Case."   The Defendant and his attorney further agree that the Court should enter this

Order immediately, and agree that the forfeiture ordered hereunder will be a part of the

sentence of the Court regardless whether ordered at that proceeding and/or whether

attached as a part of the said "Judgment in a Criminal Case."

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

a.    That the Defendant shall forfeit the **Subject Property** to the United States.

b.    The Court has determined, based on the Defendant's Plea Agreement and Plea

Supplement, that the following property is subject to forfeiture pursuant to 18

U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), that the Defendant had an interest in

such property and that the Government has established the requisite nexus

between such property and such offenses.

c.    The United States may conduct any discovery it considers necessary to identify,

locate, or dispose of the property subject to forfeiture or substitute assets for such

property.

d.    The United States shall publish notice of the order and its intent to dispose of the

property in such a manner as the United States Attorney General may direct.

The United States may also, to the extent practicable, provide written notice to

2

any person known to have an alleged interest in the **Subject Property**.   Fed. R. Crim. P. 32.2(b)(6).

e.      Any person, other than the above-named Defendant, asserting a legal interest in the **Subject Property** may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the **Subject Property**, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n).

f.      Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing [or before sentencing if the Defendant consents] and shall be made part of the sentence and included in the judgment.   If no third party files a timely claim, this order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

g.      Any petition filed by a third party asserting an interest in the **Subject Property** shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the **Subject Property**, the time and circumstances of the petitioner's acquisition of the right, title or interest in the **Subject Property**, any additional facts supporting the petitioner's claim, and the relief sought.

h.      After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.   Fed. R. Crim. P. 32.2(c)(1)(B).

i.      The United States shall have clear title to the **Subject Property** following the

3

Court's disposition of all third-party interests, or, if none, following the expiration
of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party
petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary,
pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED AND ADJUDGED this ___7th___ day of ___June___ 2022.

_____
UNITED STATES DISTRICT JUDGE

AGREED:

_____
HERBERT S. CARRAWAY
Assistant United States Attorney

_____
JAHADD MALACHI ALLEN
Defendant

_____
~~MICHAEL L. SCOTT~~  DAMON STEVENSON
Attorney for Defendant

4